# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re:<br><br>JOSE ROBERTO RECONCO,<br><br>　　　Debtor. | Case No.  13-10564-RGM<br>(Chapter 13) |
| JOSE ROBERTO RECONCO,<br><br>　　　Plaintiff,<br><br>vs.<br><br>PARTNERS FOR PAYMENT RELIEF DE III, LLC,<br><br>　　　Defendant. | Adv. Proc. No. 13-1196 |

## MEMORANDUM OPINION

The debtor seeks to strip-off the creditor's wholly unsecured second deed of trust on the debtor's primary residence. The question presented is the proper date to value the real property and the proper date to calculate the first trustholder's pay-off. The debtor asserts that the petition date, February 5, 2013, is the proper date for the valuation and the determination of the pay-off. The creditor asserts that the date of the final evidentiary hearing on the strip-off complaint is the proper date. The final evidentiary hearing has not been held.

The case is before the court on the debtor's motion for summary judgment. The debtor's appraisal is $230,000 as of May 20, 2013. The creditor's appraisal is $231,000 as of October 29, 2013. The pay-off of the first note secured by the first deed of trust as of the filing date was $233,757.45. The creditor asserts that it was not more than $228,848.91 as of November 11, 2013.

The selection of the appropriate dates is important. In a close case, the date of the final evidentiary hearing helps the creditor in a rising real estate market but hurts him in a falling real estate market. In either case, the payments the debtor makes to the first trustholder from the petition date to the date of the evidentiary hearing help the creditor by reducing the prior lien. In this case, the creditor expects to be partially secured by then even though the amount by which he is secured will be nominal. In addition, the creditor states, "If needed, prior to the final hearing, [the creditor] will partially redeem the first trust to cause the payoff to be less than the value of the Property." Response to Plaintiff's Motion for Summary Judgment at ¶8.[1]

There is a split of opinion in the bankruptcy courts as to the proper valuation date. Courts have used the petition date, the confirmation date, the effective date of the chapter 13 plan and a "flexible approach" fixing the date in light of all of the facts and circumstances of the case. The principal competitors are the petition date and the confirmation date of the chapter 13 plan.[2] Two cases in this district have found that the petition date is the proper date. *Dean v. LaPlaya Investments, Inc. (In re Dean),* 319 B.R. 474 (Bankr.E.D.Va. 2004)(Tice, C.J.) and *Pierce v. New*

---

[1] Presumably, the creditor would pay just enough to the first trustholder to create $1 of equity. Its claim is for the principal amount of $95,064.76 and an arrearage of $52,628.96. The proof of claim states that interest is due from June 1, 2008, a period of almost five years preceding the filing of the bankruptcy. The creditor's actions make no economic sense on the surface. It has not been paid in almost five years and, presumably, does not expect regular monthly payments at this time. The debtor is unable to fund a chapter 13 plan that would reinstate the second trust. The creditor's only remedy is to foreclose which it and its predecessors have not done for almost five years, for obvious reasons. If the second trust is not avoided, it makes no sense for the debtor to try to keep the property. It is not likely that the debtor can refinance the property in the near future and there is no economic reason to make any further effort to save the house. It would be subject to foreclosure at any time at the whim of the creditor. The only economic reason the second trust lender has to pay-down the first trust would be to gain leverage in this case and, by striking a deal with the debtor, obtain better treatment as a secured creditor than it would otherwise be entitled to as an unsecured creditor to the detriment of other unsecured creditors.

[2] The confirmation date and the effective date are usually substantially the same. The effective date is when the confirmation order is no longer subject to appeal, that is, 14 days after entry of the confirmation order. If there were an appeal, the effective date could be postponed.

*Generations Fed. Credit Union (In re Pierce)*, 2012 WL 1903263 (Bankr.E.D.Va. 2012)(Huennekens, J.).[3]

Chief Judge Tice's and Judge Huennekens' opinions explain why the petition date is the best choice. They and the other courts adopting the petition date note, among other reasons, that debtor's and creditor's rights are generally fixed as of the filing date. Proofs of claims are determined as of the filing date. Bankruptcy Code §502(b). Property of the estate is largely determined as of the filing date. Bankruptcy Code §541.[4] While §506(a) allows valuation hearings at any time during the pendency of a case, it is not determinative because it does not specify the date of the valuation to be used at the valuation hearing.[5] Using the petition date is consistent with the fixing of the debtor's and creditor's rights in light of the intended use of the property – retention as the debtor's principal residence – and the amount of the claims necessary to be determined in connection with the strip-off proceeding.

Those who favor the confirmation date argue that the debtor does not know what the intended use will be when he files his petition. However, the Bankruptcy Code requires the debtor to file his chapter 13 plan within 15 days after he files his petition. Fed.R.Bankr.P. 3015(b).[6] The plan will provide whether the debtor will seek to strip-off the lien, cure the arrearage or surrender

---

[3] In *Pierce,* Judge Huennekens found that the petition date was the proper valuation date and that the second trust was wholly unsecured, but, denied the strip-off because the confirmed chapter 13 plan did not state that the debtor would seek to strip-off the wholly unsecured deed of trust. *Id.* at *1, *4. The plan provided that the debtor would cure the arrearage on the second trust.

[4] Section 541(a) states that the bankruptcy estate is created when a case is commenced and includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a)(1).

[5] Bankruptcy Code §506(a) provides that valuation is to be made "in light of the purpose of the valuation and of the proposed disposition or use of such property."

[6] While extensions can be granted, they do not delay the filing of the plan for any extended period.

the property. A debtor must know by that time what the intended use of the home will be. If the purpose of the chapter 13 filing is to save the family home – a principal motivator for filing a chapter 13 case – debtors know that stripping-off a wholly unsecured deed of trust is a potent tool in achieving that result. Debtors must know – and do know – what their objectives are when they file their petition and announce those objectives in their proposed chapter 13 plan shortly after filing the petition.[7]

The proper valuation date is the petition date. The same date is used for the pay-offs of the prior liens. The debtor's intention to avoid the second trust was announced in his first chapter 13 plan and he promptly filed this adversary proceeding after his plan was confirmed.[8]

The court notes that the debtor's appraisal in the summary judgment record is as of May 20, 2013, which is three and a half months after the petition date, February 5, 2013. There is nothing in the summary judgment record permitting the court to relate the May 20, 2013 appraisal back to February 5, 2013. The court is not willing at this time to infer that the home was worth no more than $230,000 on the petition date notwithstanding that the creditor's appraisal as of October 29, 2013

---

[7]This objection is even weaker for those, such as the creditor in this case, who argue that the appropriate date is the date of the valuation hearing. This date is after the chapter 13 plan is confirmed and several months after the adversary proceeding is filed. If the date of the valuation hearing is used, in close cases the result – whether the second deed of trust is wholly unsecured – is affected by procedural matters, the extent of the court's docket and the speed with which the court can schedule a trial. In a rising market, the time it takes to reach a resolution favors the creditor. In a falling market, it favors the debtor. The court's procedures and the demands on its resources should not affect the outcome of matters before the court. Use of the petition date prevents manipulation of the valuation date – e.g., by pressing for a prompt valuation or confirmation hearing or by delaying the valuation or confirmation hearing. It takes the parties and their positions as they exist on the day the petition is filed.

[8]The creditor notes that the debtor's plan stated that he would seek to avoid the lien under Bankruptcy Code §522(f). This was the wrong statutory reference. However, it gave the creditor fair notice of the debtor's intent to avoid the lien of the second deed of trust. The creditor properly noted that the plan provision was not self-executing and that the creditor knew that it need not object to the plan in this regard because an adversary proceeding was necessary to effectuate the intended strip-off. This is different from *Pierce* where the debtor stated that she intended to cure the arrearage on the second trust, not avoid it. Judge Huennekens held that although she would have been successful in such an endeavor, the absence of a plan provision precluded seeking the relief. She would have to modify her plan to be able to seek a strip-off.

was $231,000. While such an inference may be reasonable – and the creditor has offered nothing to suggest that the home was worth more than $231,000 on the petition date – the court requires additional facts to make that inference. This may be by way of a new or updated appraisal or an appropriate affidavit.

      The court will place the matter on the motions docket with sufficient time for both parties to supplement the summary judgment record.

      Alexandria, Virginia
      March 31, 2014

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Tala Arbabi
Michael A. Howes

19128