# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| In the Matter of: | * | |
| | * | |
| | * | |
| | * | Case No.  13-10564-RGM |
| Jose Roberto Reconco, | * | Chapter 13 |
| | * | |
| Debtor. | * | |
| | * | |
| | * | |
| Jose Roberto Reconco, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Adv. Pro. No. :  13-01196-RGM |
| | * | |
| Partners for Payment Relief DE | * | |
| Defendant | * | |
| | * | |

## CONSENT ORDER GRANTING MOTION TO AVOID SECOND LIEN ON DEBTOR(S)' PRINCIPAL RESIDENCE

Having considered debtor's Motion for Summary Judgment before the court on May 6, 2014, and any response filed thereto, based on the Parties' consent herein and it appearing that proper notice has been given, pursuant to 11 U.S.C. § 506 and for the reasons set forth in the original Motion for Summary Judgment it is by the United States Bankruptcy Court for the Eastern District of Virginia,

ORDERED, that the claim of Defendant be and is hereby deemed wholly unsecured; and it is further,

ORDERED, that upon the successful completion of debtor's/plaintiff's Chapter 13 Plan, and the entry of a final and non-appealable Order of Discharge pursuant to 11 U.S.C. § 1328(a) in this case, the lien held in favor of Defendant on the Debtor's real property described as: 7676 Sheffield Village Lane, Lorton, VA 22079, is avoided, and the defendant shall within 60 days thereafter, following notice from Plaintiff of such discharge, take such steps as may be needed to effect a release of its lien in the land records of Fairfax County, Virginia, and it is further,

ORDERED, that in the event that plaintiff/debtor fails to receive a discharge in this case pursuant to 11 U.S.C. § 1328(a), and/or in the event that the plaintiffs'/debtor's discharge is obtained in this case pursuant to any other section or provision of the Bankruptcy Code other than 11 U.S.C. § 1328(a) and/or immediately upon conversion of this case to a case under any other Chapter of the Bankruptcy Code by plaintiff/debtor, and/or in the event this Case is dismissed, the provisions

hereinabove set forth in this Order shall immediately be deemed null and void, and said Second Deed of Trust lien shall remain in full force and effect, and it is further

ORDERED, that if the Defendant has filed a proof of claim, the claim of the Defendant be and hereby is allowed as a general unsecured claim for purposes of distributions under the Debtor's plan; and it is further,

ORDERED, that if the Defendant has not filed a proof of claim, the claim of the Defendant be and hereby is allowed as a general unsecured claim for purpose of distributions under the Debtor's plan if a proof of claim is filed on or before the later of (i) the claims bar date previously fixed by this court, or (ii) twenty-eight (28) days after entry of this order; and it is further,

 ORDERED, that allowance of the claim of the Defendant as an unsecured claim pursuant to this order is without prejudice to objection to such claim on other grounds.

May 27 2014

/s/ Robert G. Mayer
_____
United States Bankruptcy Judge

I ask for this:

/s/ Beeraj Patel_____
Beeraj Patel
Attorney for Plaintiff,  VSB # 77172
Tucker & Associates PLLC
8521 Leesburg Pike, Ste. 200
Vienna, VA 22182
571-267-2826
bpatel@tuckerlawpllc.com

NOTICE OF JUDGMENT OR ORDER
ENTERED ON DOCKET

 eod: May 28 2014
_____

/s/ Michael A. Howes_____
Michael A. Howes
Attorney for Defendant, VSB#80493
Blankingship & Keith, P.C.
4020 University Drive
Suite 300
Fairfax, Virginia 22030
703-691-1235
mhowes@bklawva.com

cc:     Trustee
        Debtor

Debtor's' Attorney
Defendant's Attorney
U.S. Trustee